**TRIPP** et v **SEXAUER,** et

Ohio Appeals, 2nd Dist., Shelby Co.

No. 123. Decided Dec. 31, 1941.

U. H. Doorley, Sidney, and H. K. Forsyth, Sidney, for plaintiffs-appellants.

H. E. Beery, City Solicitor, Sidney; Cable & Cable, Lima, for defendants-appellees.

MONTGOMERY, J. (5th Dist.) sitting by designation.

## OPINION

By MONTGOMERY, J.

The appeal to this court is on law and fact, from a judgment of the Court of Common Pleas, sustaining demurrers to the amended petition, and rendering final judgment on the plaintiff not desiring to plead further.

This amended petition avers in substance that one J. E. Wells died on March 21, 1923, leaving Zella Wells, his daughter, and the plaintiffs other than Carl E. Wilkinson his next of kin, and Gertrude Wells, his widow; and that Zella Wells died on June 13, 1939, having devised to said Wilkinson the residue of her property, including a burial.

lot in Graceland Cemetery, Sidney, Ohio, in which lot said J. E. Wells had been buried. The defendants named were the Mayor and Service Director of the City of Sidney, the sexton of Graceland Cemetery, and the widow, Gertrude Wells.

The charge in the amended petition is that without knowledge of the plaintiffs and contrary to representations made to them, the defendants unlawfully and maliciously conspired against the plaintiffs, granted a permit for the removal of the body of J. E. Wells to another lot in the cemetery; that the removal was done in the night season and the reinterment was made early on the day following the removal, all under authorization of the defendants.

It is averred that the plaintiffs have no adequate remedy at law, and they pray for a mandatory order to require the defendants to remove the body from its present grave and to reinter the same in the grave where it was originally buried.

Much evidence was pleaded in this amended petition, but the Common Pleas Court overruled a motion to strike out various allegations, and we are not now called upon to, and need not, pass upon that matter. This superfluous matter will simply be ignored in arriving at our conclusion.

It is contended, first, that the plaintiff Carl E. Wilkinson is not a proper party plaintiff. True, there is nothing to indicate that he can have any interest in this body, but, under the allegations of ownership of █ the lot in question, he is a proper party. We so hold, in view of the pleaded claim, but having in mind the provisions of §4160 GC. However, he is not entitled by reason thereof to any affirmative relief in this action.

It is argued that this is not a city cemetery, located outside the city limits; and, therefore, not controlled by the statutes governing city █ cemeteries or the decisions of the courts affecting such cemeteries. But this amended petition alleges that it is "property owned and operated by said City and formally dedicated as a burial place for the dead".

Sec. 4161 GC, provides that: "The director of public service shall take possession and charge, and have the entire management, control, and regulation of public grave yards, burial grounds, and cemeteries, located in or belonging to the corporation, subject to its ordinances." See also §4326 GC.

While the defendants are charged with breach of faith and sharp practice, the conspiracy charged and the acts charged, do not seem to us to have produced any unlawful act or any excess of delegated authority. There is nothing pleaded that indicates any injustice or harm done either to the body or the next of kin.

Much of the briefs is taken up with a discussion as to who constitute "next of kin" in this instance. The authorities are not uniform in the construction of the term, and do not apply the use given it in Statutes of Descent and Distribution. Taking the view which we do, it is not necessary to define the term.

Appellants contend that they are entitled to the relief sought, by virtue of §3467 GC, which reads as follows:

"The trustees or board of any cemetery association, or other officers having control and management of a cemetery, shall disinter or issue a permit for disinterment, and deliver any body buried in such cemetery, on application of the next of kin of the deceased, being of full age and sound mind, to such next of kin, on payment of the reasonable cost and expense of

such disinterment. No such disinterment shall be made during the months of April, May, June, July, August and September, and in no event if the deceased died of a contagious or infectious disease, until a permit has been issued by the local health department."

We think the position of appellants not tenable. This section authorizes, under certain circumstances, the disinterment of a body and its delivery to the applicants. Here they seek an order for its reinterment by the defendants in another lot in the same cemetery.

"Mandamus will not lie to compel the performance of an act which is not enjoined by law as a duty resulting from an office, trust or station."

**Selby, Auditor v State of Ohio, ex rel, 63 Oh St 541.**

The demurrer to the amended petition on the ground that it "does not set forth facts which show a cause of action" will be sustained.

GEIGER, PJ. & HORNBECK, J., concur.